IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                           Civil No. 6:13-cv-60013

JAMES DAWSON                                                                DEFENDANT

# ORDER

Before the Court is Defendant's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6). ECF No. 60. The government has responded. ECF No. 62. The Court finds the matter ripe for consideration.

Defendant James Dawson was named in a three-count indictment. ECF No. 1. Each count charged Dawson with knowingly and intentionally distributing cocaine base. Dawson pled guilty to count one of the indictment charging him with distributing crack cocaine. Pursuant to the plea agreement, Dawson agreed to waive his rights to directly appeal his conviction and sentence and collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, with two exceptions: (1) he did not waive his right to appeal in the circumstance that his sentence exceeded the statutory maximum and (2) he did not waive his right to pursue post-conviction claims based on ineffective assistance of counsel which challenge the validity the guilty plea or his waiver of appellate and post-conviction rights.

Dawson was determined to be a career offender, and on August 28, 2014, he was sentenced to a term of imprisonment for 130 months, which was below the statutory maximum of twenty years. ECF No. 37. Dawson appealed his sentence to the Court of Appeals for the Eighth Circuit, and his appeal was dismissed based on his waiver of rights in the plea agreement. On

August 21, 2015, Dawson, represented by counsel, filed an Unopposed Motion to Reduce Sentence Pursuant to Amendment 788 and 18 U.S.C. § 3582(c)(2), which recognized that he was not entitled to a reduction below his current sentence. Thus, the Court denied his motion. ECF No. 58.

On February 5, 2019, Dawson, representing himself, filed the instant Motion for Relief from Judgment Under Federal Rule of Civil Procedure 60(b)(6). Dawson argues that, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), he no longer qualifies as a career offender based on his Arkansas conviction under Ark. Code Ann. § 5-64-401 for possession of a controlled substance with intent to deliver.

Dawson contends that he is making his motion pursuant to Federal Rule of Civil Procedure 60(b)(6), which allows the Court to relieve a party from final judgment for "any other reason that justifies relief." However, Rule 60(b) does not apply to criminal proceedings, and thus, provides no basis for Dawson's requested relief from his sentence. *See United States v. Camacho-Bordes*, 94 F.3d 1168, 1171 n.2 (8th Cir. 1996) (recognizing that "Rule 60(b) is inapplicable" in criminal proceedings).

Because Dawson is moving the Court to vacate his current sentence and resentence him without a career offender enhancement, the Court could construe the motion as one filed pursuant to 28 U.S.C. § 2255. However, even if the Court were to construe the instant motion as a § 2255 motion, the motion would be untimely. Motions filed pursuant to 28 U.S.C. § 2255 must be filed within a one-year period that begins to run from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Dawson's conviction became final on July 15, 2015, and thus Dawson had until July 16, 2016, to file a § 2255 motion. Because Dawson filed the instant motion on February 5, 2019, any claim the Court construed in the motion as made pursuant to 28

U.S.C. § 2255 would be time-barred.[1]  Thus, the Court declines to construe the instant motion as one filed pursuant to 28 U.S.C. § 2255.

Accordingly, the Court finds that Dawson's Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(6) (ECF No. 60) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 12th day of November, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Dawson's claims in the instant motion, if construed as made under 28 U.S.C. § 2255, would also be improper because Dawson knowingly and voluntarily agreed to waive his right to collaterally attack his conviction and sentence. The claims made in the instant motion clearly fall within the scope of the waiver because they are not based on ineffective assistance of counsel.